UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRANG NGUYEN,           )<br>        Plaintiff,             )<br>                                    )<br>    vs.                             )<br>                                    )<br>USAA FEDERAL SAVINGS BANK and  )<br>USAA SAVINGS BANK,          )<br>        Defendant.          )  | 1:07-cv-0202-LJM-JMS |

### ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendants', USAA Federal Savings Bank and USAA Savings Bank (collectively "USAA"), Motion for Summary Judgment. Also before the Court is Plaintiff's, Trang Nguyen ("Nguyen"), Motion for Summary Judgment. For the following reasons the Court **GRANTS** Defendants', USAA Federal Savings Bank and USAA Savings Bank, Motion for Summary Judgment and **DENIES** Plaintiff's, Trang Nguyen's, Motion for Summary Judgment.

### I. BACKGROUND

Nguyen and her husband, Arthur Bottorff ("Bottorff"), were married July 4, 1992. Pl.'s Ex. 2, at 25. In February 1997, Bottorff requested that Nguyen be added as a joint owner of his USAA credit card account. Pl.'s Ex. C, at 45. In a letter dated March 7, 1997, USAA acknowledged Bottorff's request to change his individual account to a joint account. Pl.'s Ex. C, at 54.

Sometime during either 1998 or 1999, Nguyen contacted USAA to request that she be removed from the joint account. Pl.'s Ex. B, at 28. An USAA representative told Nguyen that the account balance had to be zero before USAA could remove her from the account and issue a new

card in Bottorff's name only. Pl.'s Ex. B, at 28. In September 2000, the balance of the joint account was paid off. Def.'s Ex. 10, ¶ 7.

In October 2000, USAA issued new credit cards for the account because it received notice that the card had been lost or stolen. Def.'s Ex. 10, ¶ 8. Although Nguyen believed that new card indicated that USAA had removed her name from the account, USAA had not. Def.'s Ex. at 9, 104-07. The account statements continued to bear Nguyen's name and were delivered to Bottorff and Nguyen's common address. *Id.*

In early December 2005, Bottorff died. Def.'s Ex. 10, ¶ 13. After Bottorff's death, Nguyen received a letter dated December 27, 2005, that informed her that the USAA credit card account was past due. Pl.'s Ex. C, at 59. Nguyen called USAA to inform it of Bottorff's death, and USAA told her that she was responsible for the balance on the card. Pl.'s Ex. C, at 46. In the same conversation, Nguyen told a USAA representative that she believed that the card was only in her husband's name and she was not liable. *Id.* In a letter dated December 29, 2005, USAA confirmed that it was changing the joint account over into an individual account in Nguyen's name. Pl.'s Ex. C, at 60.

Nguyen received a billing statement listed on the same account dated January 6, 2006, which indicated that she owed USAA a balance of $10,642.16. Pl.'s Ex. C, at 53. On January 20, Nguyen's attorney sent a letter (the "Notice of Billing Error") to USAA, which indicated that Nguyen was "surprised to learn" that USAA thought that Nguyen was a joint account holder on the card. Pl.'s Ex. C, at 56-58. Further, Nguyen stated in the Notice of Billing Error that she and Bottorff had an old joint account, but that she believed that account was closed and that any existing account was

the sole responsibility of Bottorff. *Id.* Finally, Nguyen requested documentation of her liability. Pl.'s Ex. C, at 57.

USAA did not respond to Nguyen's Notice of Billing Error. Def.'s Ex. 10, ¶ 16. None of the documentation requested by Nguyen in the letter was provided to her or her attorney until USAA filed its response to her Complaint. Docket No. 9.

## II. LEGAL STANDARD

As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). *See also United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68 (7th Cir. 1990), *cert. denied*, 499 U.S. 923 (1991). Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). Summary judgment is the "put up or shut up" moment in a lawsuit. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*. Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). When the moving party has met the standard of Rule 56, summary judgment is mandatory. *Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

### III. DISCUSSION

Nguyen filed a three count Complaint in which she alleged that USAA violated the Fair Credit Billing Act ("FCBA"), the Fair Credit Reporting Act ("FCRA") and the Indiana Civil Deception statute. 15 U.S.C. § 1666 *et seq*; 15 U.S.C. § 1681s-2(b); Ind. Code § 34-24-3-1. After reviewing USAA's discovery responses, Nguyen does not dispute that her rights under FCRA and the Indiana Civil Deception statute were not violated, and she concedes these claims. Pl.'s Resp. to Def.s' Mot. for Summ. J. ¶ 1. Therefore, this Court **GRANTS** summary judgment in favor of USAA on those two counts of the Complaint. Thus, the sole issue before this Court is whether Nguyen has an actionable claim under FCBA.

> FCBA provides in pertinent part:
>
> If a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives . . . a written notice . . . from the obligor
>
> \*\*\*
>
> the creditor shall, unless the obligor has, after giving such written notice and before the expiration of time limits herein specified, agreed that the statement was correct - -
>
> (a) not later than thirty days after the receipt of the notice, send a written acknowledgment thereof to the obligor . . . and,
>
> (b) not later than two complete billing cycles of the creditor . . . after the receipt of the notice and prior to taking any action to collect the amount . . .
>
> \*\*\*
>
> (ii) send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness.

15 U.S.C. § 1666. In the instant case, USAA contends that the Notice of Billing Error was untimely and as a result, did not trigger USAA's obligation to respond or conduct any investigation. *See* 15 U.S.C. § 1666; 12 C.F.R. § 226.13 (stating that a Notice of Billing Error is a written notice from a consumer that is received by the creditor no later than sixty days after the creditor transmitted the first periodic statement that reflects the alleged billing error); *Am. Express v. Koerner*, 452 US 233, 235-36 (1981); *Pinner v. Schmidt*, 805 F.2d 1258, 1264 (5th Cir. 1986) (holding that the sixty day notice period begins to run when a disputed statement is first received), *cert. denied*, 483 U.S. 1022, 107 (1987). The mistake that Nguyen contests in her Notice of Billing Error is USAA's failure to remove her from the joint account in September 2000. Nguyen Dep. at 107. For the purposes of summary judgment, USAA conceded that it erred. Thus, the first periodic statement that reflected the error was sent in October 2000. Nguyen did not send the Notice of Billing Error until January 2006, approximately five years after USAA's alleged failure to remove her from the account. Therefore, according to USAA, the Notice of Billing Error was not timely, and as a result it triggered no obligations on the part of USAA. The Court agrees.

Nguyen argues that her Notice of Billing Error was timely, because she had believed herself to no longer be obligated under the account, and as a result, she claims that she had not looked at the billing statements until after her husband's death. Thus, she contends that the Court should analyze the timeliness requirement under the "wrong-person error" theory. *See, e.g.*, *Belmont v. Assocs. Nat'l Bank*, 119 F. Supp. 2d 149, 159 (E.D.N.Y. 2000) (explaining that the "wrong-person" error theory is a creditor's demand for payment on an account from someone who is allegedly not an obligor on the account). Three of the four cases upon which Nguyen relies for her "wrong-person error" theory do not address the issue of whether the Notice of Billing Error provided by her was

timely, which is the sole issue before this Court. *See Lau v. Credit Concepts*, No. 06-cv-300-TCK-SAJ, WL 593626 at *1 (N.D. Okla. Feb. 21, 2007) (holding that by pleading that her creditor failed to respond when she notified the creditor of a disputed charge, although she had authorized a collections agency to make the charge, the plaintiff had made a well pleaded complaint for violation of FCBA); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 790 (W.D. Ky. 2003) (holding both that the plaintiff was an obligor for the purposes of the FCBA and that his claim that the debt attributed to him by the defendant was not his did constitute a "billing error" for the purpose of the FCBA); *Carter v. Atchley Ford, Inc.*, No. 8:01CV151, WL 802682 at *3-4 (D. Neb. Feb. 20, 2002) (holding that a woman who was unaware that her son had financed a car under her name was entitled to the protection of the Truth in Lending Act and thus, the car dealership was liable to her for failing to provide her with legally required lending disclosures).

*Belmont* does address the issue of timeliness, but the circumstances in that case were different than those in the case at bar. 119 F. Supp. 2d, at 152-56. In that case, a father co-signed his son's credit card, but after some time passed the father wished to no longer have liability for the account. So, the father sent notice to the creditor, and believed himself to no longer be an owner of the account. However, the creditor did not remove his name from the account and continued to send the son statements with his father's name on them. The son, however, lived in a different state than his father, and the father never received billing statements at his home. When the son went into bankruptcy, the father began receiving billing statements at his address for the son's outstanding credit card balance. As soon as the father actually received the first statement at his address he notified the creditor of its error in assigning the father liability. The *Belmont* court held that although the "Notice of Billing Error" postdated the original error by five years, the notice was still timely for

7

the purposes of FCBA because the father had not actually received any billing statements. *See Belmont*, 119 F. Supp. 2d, at 161 (stating that although the defendants contended that the father's notice of billing error should have been mailed within sixty days of the first statement after the creditor failed to remove him from the account, the defendant's argument is without merit because the defendant overlooked the fact that the father and son did not share a residence and the father would therefore have no reason to know that his name appeared on the billing statements).

Conversely, in the case at bar, it is undisputed that Nguyen actually received billing statements that were in both her name and her husband's name for approximately five years after USAA's error occurred. Nguyen Dep., at 16. Notwithstanding her receipt of the statements, she did not inquire into their nature or notify USAA of a potential error until January 2006. The United States Code and the Code of Federal Regulations both clearly state that only timely notice of a billing error will trigger a creditor's obligations under FCBA. *See* 15 U.S.C. § 1666; 12 C.F.R. § 226.13(b)(1). Thus, the Notice of Billing Error was not timely because the undisputed evidence shows that USAA continued to send billing statements in both Nguyen and her husband's name to their joint residence and Nguyen failed to communicate the error to USAA within sixty days of the first periodic statement that reflected the billing error. Therefore, USAA's Motion for Summary Judgment is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants', USAA Federal Savings Bank and USAA Savings Bank, Motion for Summary Judgment on all three counts of Plaintiff's, Trang Nguyen, Complaint. Accordingly Plaintiff's, Trang Nguyen, Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED on this 28th day of July, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Electronically distributed to:

Adam L. Hill
RUBIN & LEVIN, PC
ahill@rubin-levin.net

Christine M. Jackson
CHRIS JACKSON LAW, LLC
chris@chrisjacksonlaw.com

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net

Rosemary Khoury
CHRIS JACKSON LAW LLC
rosemary@chrisjacksonlaw.com